## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF FLORIDA
## PENSACOLA DIVISION

LARRY B. MERRITT,
           Plaintiff,

        v.                         Case No.: 3:16cv412-RV/HTC

M. STOKES, et al.,
           Defendants.
_____/

## ORDER

      This is a prisoner civil rights case. The plaintiff, appearing pro se, filed the case against several defendants and stated several causes of action arising out of an alleged use of excessive force against him. He demanded a jury trial in his complaint, and the defendants demanded a jury trial in their answer. On January 25, 2019, the Magistrate Judge entered a Report and Recommendation, recommending that only the plaintiff's "First and Eighth Amendment claims for nominal damages" be allowed to proceed to trial. The R&R was adopted, and I set this matter for a jury trial on Monday, August 19, 2019. Now pending is the defendants' motion to withdraw their demand for a jury trial and to strike the plaintiff's demand (doc. 133).

      For all the reasons that the defendants have stated, I find that their motion is due to be granted. They have cited one case out of this district that is directly on point and particularly persuasive. In *Robinson v. Larson*, 2018 WL 6028819 (N.D. Fla. 2018), report and recommendation adopted, 2018 WL 6025854 (N.D. Fla. 2018), a prisoner filed a case pro se alleging deliberate indifference. The plaintiff demanded a jury trial in his initial complaint, and the defendants demanded a jury trial in their answer. The Magistrate Judge filed a Report and Recommendation recommending that the plaintiff only be allowed to pursue nominal damages, and the district court adopted the R&R.

Thereafter, the defendants filed a motion to withdraw their jury demand and to strike the plaintiff's. The court permitted the defendants to withdraw their demand and then held as follows with respect to the plaintiff's demand:

> Here, plaintiff is not entitled to a jury trial because his potential recovery cannot exceed the $20 threshold set by the Seventh Amendment. Nominal damages are "a trivial sum awarded for symbolic, rather than compensatory, purposes[.]" *Flanigan's Enters., Inc. of Ga. v. City of Sandy Springs, Ga.*, 868 F.3d 1248, 1268 (11th Cir. 2017); *see also Cummings v. Connell*, 402 F.3d 936, 943 (9th Cir. 2005) ("Nominal damages, as the term implies, are in name only and customarily are defined as a mere token or 'trifling.'"); *Utah Animal Rights Coal. v. Salt Lake City Corp.*, 371 F.3d 1248, 1262-71 (10th Cir. 2004) (McConnell, J., concurring) ("Nominal damage awards serve essentially the same function as declaratory judgments; indeed, scholars tell us that nominal damages were originally sought as a means of obtaining declaratory relief before passage of declaratory judgment statutes.") (citations omitted).
>
> Both § 1983 caselaw and the Eleventh Circuit pattern jury instructions governing plaintiff's claim indicate the appropriate measure of nominal damages is $1.00. *See Carey v. Piphus*, 435 U.S. 247, 266-67 (1978) (holding if plaintiffs were entitled to nominal damages for a procedural due process violation, the damages should not exceed one dollar); *Corpus v. Bennett*, 430 F.3d 912, 916 (8th Cir. 2005) ("one dollar is recognized as an appropriate value for nominal damages"); *Whitfield v. Thompson*, 165 F. Supp. 3d 1227, 1238 n.4 (S.D. Fla. 2016) (noting "nominal damages do not generally exceed one dollar"); Eleventh Circuit Pattern Jury Instructions (Civil Cases) Civil Right Constitutional Claims Instruction 5.13 ("If [name of plaintiff] has failed to prove that [he/she] suffered more than a minimal physical injury, then you must award nominal damages of $1.00.").

Other courts addressing the argument raised by defendants have concluded a plaintiff limited to recovering nominal damages is not entitled to a jury trial. *See Van Wie v. Pataki*, 267 F.3d 109, 115 n.4 (2d Cir. 2001) ("We additionally note generally that in nominal damages cases, when such damage requests are below twenty dollars, there is no right to a jury trial."); *Burt v. Abel*, 585 F.2d 613, 616 n.7 (4th Cir. 1978) (if plaintiff's claims "entitle him to no more than nominal damages, the seventh amendment will not be applicable because of an insufficient amount in controversy"); *Gonzalez v. Joey*, CIV No. 12-834 RB/GBW, 2015 WL 13665476 (D.N.M. Feb. 6, 2015) (finding "Plaintiff is not entitled to a jury trial because he cannot receive compensatory or punitive damages" and "his sole available remedy is for injunctive relief or nominal damages") Report and Recommendation adopted by 2015 WL 13665477 (D.N.M. Feb. 27, 2015); *Shabazz v. Norris*, 5:03CV00401-WRW/BD, 2007 WL 2819517 (E.D. Ark. Sept. 26, 2007) ("The Eighth Circuit has ruled that a prevailing plaintiff does not have a right to a jury trial solely on the issue of nominal damages.") (citations omitted); *Wigg v. Sioux Falls Sch. Dist. 49-5*, 274 F. Supp. 2d 1084 (D.S.D. 2003) ("Plaintiff is not entitled to a jury trial in this matter because if she prevails, her nominal damages award will be $1.00, which does not exceed the twenty dollar threshold required by the Seventh Amendment."), rev'd in part on other grounds, 382 F.3d 807 (8th Cir. 2004).

*Id.* at *1-2; *accord Michael McClanahan v. Wilson*, 2019 WL 3456623, at *4-5 (M.D. La. 2019) (quoting the same language and finding it "particularly persuasive"). I agree with the *Robinson* decision—and the cases cited therein—and incorporate it into this order. Therefore, the defendants' motion to withdraw their jury demand and to strike the plaintiff's demand (doc. 133) is hereby GRANTED. The trial currently scheduled for Monday, August 19, 2019, will be a bench trial.

**DONE and ORDERED this 6th day of August 2019**

/s/ *Roger Vinson*
**ROGER VINSON**
**Senior United States District Judge**